1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GILBERTO JUAREZ,

11                Plaintiff,                    No. CIV S-05-0383 LKK KJM P

12         vs.

13   JEANNE WOODFORD, et al.,

14                Defendants.            ORDER

15   _____/

16         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed April 17, 2007, plaintiff's complaint was

18   dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended

19   complaint.

20         As previously noted, the court is required to screen complaints brought by

21   prisoners seeking relief against a governmental entity or officer or employee of a governmental

22   entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the

23   prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

24   which relief may be granted, or that seek monetary relief from a defendant who is immune from

25   such relief.  28 U.S.C. § 1915A(b)(1), (2).

26   ////

1

1     A claim is legally frivolous when it lacks an arguable basis either in law or in

2  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

3  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.

5  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

6  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

7  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8     A complaint, or portion thereof, should only be dismissed for failure to state a

9  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

11  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

12  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

13  complaint under this standard, the court must accept as true the allegations of the complaint in

14  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17     The court finds that the allegations in plaintiff's amended complaint are still so

18  vague and conclusory that the amended complaint fails to state a claim upon which relief can be

19  granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

20  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

21  v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

22  least some degree of particularity overt acts which defendants engaged in that support plaintiff's

23  claim.  Id.  Plaintiff's amended complaint must be dismissed.  The court will, however, grant

24  plaintiff one final opportunity to assert a claim upon which relief can be granted.

25     In drafting his second amended complaint, plaintiff should refer back to the

26  instructions provided to plaintiff in this court's April 17, 2007 order.  Again, in order to state a

1  claim upon which relief can be granted, a complaint must allege in specific terms how a

2  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

3  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

4  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

5  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

6  official participation in civil rights violations by persons such as past or present directors of the

7  California Department of Corrections and Rehabilitation or a warden of a prison are not

8  sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

9          The court previously noted that plaintiff appears to try to make some claims based

10  on alleged racial discrimination.  Plaintiff is advised that to plead a claim under the Equal

11  Protection Clause of the Fourteenth Amendment, at a minimum, he must assert that government

12  officials treated a class to which he belongs as inferior to another class or that general rules

13  which are supposed to apply to all are applied to him in an arbitrary or discriminatory way.

14  Jones v. Helms, 452 U.S. 412, 423-24 (1981).   To plead a claim for constitutionally

15  impermissible living accommodations he must assert facts showing that a prison official or

16  officials exposed plaintiff to a "substantial risk of serious harm," while displaying "deliberate

17  indifference" to that risk.  Farmer v. Brennan, 511 U.S. 825, 834 (1991).  To plead a claim for

18  denial of outdoor exercise under the Eighth Amendment plaintiff must point to facts indicating

19  something more than a temporary denial of exercise with no medical effects.   May v. Baldwin,

20  109 F.3d 557, 565 (9th Cir. 1997).  Plaintiff also makes a claim based on denial of access to the

21  court.  An inmate has a constitutionally protected right of meaningful  access to the courts.

22  Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  It is not enough, however, for an inmate to

23  allege some abstract interference; instead, he must show "actual injury" to his rights.  Lewis v.

24  Casey, 518 U.S. 343, 351 (1996).

25          Again, plaintiff is informed that the court cannot refer to a prior pleading in order

26  to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an

3

1  amended complaint be complete in itself without reference to any prior pleading.  This is

2  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

3  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

4  prior pleading no longer serves any function in the case.  Therefore, in a second amended

5  complaint, as in an original complaint, each claim and the involvement of each defendant must

6  be sufficiently alleged.

7          In accordance with the above, IT IS HEREBY ORDERED that:

8          1.  Plaintiff's amended complaint is dismissed; and

9          2.  Plaintiff is granted thirty days from the date of service of this order to file a

10 second amended complaint that complies with the requirements of the court's April 17, 2007

11 order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of

12 Practice; the second amended complaint must bear the docket number assigned this case and

13 must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of

14 the second amended complaint; failure to file a second amended complaint in accordance with

15 this order will result in a recommendation that this action be dismissed.

16 DATED:  February 6, 2008.

17

18                                                   U.S. MAGISTRATE JUDGE

19 1
   juar0383.14(5.16.07)

20

21

22

23

24

25

26

                                    4