IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERTO JUAREZ,

    Plaintiff,                      No. CIV S-05-0383 LKK KJM P

    vs.

JEANNE WOODFORD, et a.,

    Defendants.                 FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 8, 2008, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1        In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955,1965 (2007).

       Plaintiff claims that he is being discriminated against in the California Department of Corrections and Rehabilitation by, among other things, being given more menial job assignments than Caucasian inmates. However, plaintiff fails to point to anything suggesting that this is the fault of any named-defendant. Plaintiff also generally complains about his conditions of confinement. However, plaintiff fails to point to anything suggesting he is being subjected to cruel and unusual punishment in violation of the Eighth Amendment.

       Despite being given two opportunities to cure the deficiencies in his pleadings, plaintiff's second amended complaint still fails to state a claim upon which relief can be granted. Therefore, the court will recommend that this matter be dismissed.

       In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

/////

/////

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: June 3, 2008.

4  _____
U.S. MAGISTRATE JUDGE

6  1
jaur0383.frs(2.22.08)

3